UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIRST MUTUAL GROUP, LP,

    Plaintiff,

v.                                              Case No:  2:14-cv-673-FtM-38DNF

DONALD R. WARD, JR.,

    Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. #17) filed on May 14, 2015. Plaintiff filed a response in opposition on May 26, 2015. (Doc. #18). This matter is ripe for review.

## **Background**

Plaintiff First Mutual Group, LP initiated this diversity jurisdiction action against Defendant Donald R. Ward, Jr. on November 19, 2014. (Doc. #1). According to the Complaint, Ward appraised a specific Cape Coral real property. (Doc. #1, at 3). Ward appraised the value of the property to be about $234,000 but at the time the actual value of the property was in between $170,000 and $190,000. (Doc. #1, at 3). Ward at the time knew his appraisal was grossly inaccurate and knew that Mortgage Bankers Financial Group ("Lender") was relying on his appraisal to approve and provide funding for a loan

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

on the real property. (Doc. #1, at 3). If the appraisal was performed accurately, then the Lender would not have approved or funded the loan. (Doc. #1, at 3). The Lender was damaged in the amount of $127,992.54, the balance of the amount due and owing from the loan, even after the property was foreclosed. (Doc. #1, at 3).

Since then the Lender assigned all rights regarding the action of the appraiser to First Mutual Group. (Doc. #1, at 3-4). As such, First Mutual Group is now the holder of the underlying obligation related to the appraisal issue. (Doc. #1, at 4). First Mutual Group discovered the appraisal issue during an initial quality control review performed on May 28, 2014. (Doc. #1, at 4). First Mutual Group alleges Ward failed to comply with the Uniform Standards of Professional Appraisal Practice ("USPAP"). (Doc. #1, at 4-7).

There are three counts in the Complaint: Breach of Contract (Count 1); Negligence (Count 2); and Gross Negligence (Count 3). These counts have additional allegations specific to the respective counts. It appears that Florida law governs this diversity action.[2]

**Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss an action pursuant to the failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Bedasee v. Fremont Inv. & Loan, 2:09-CV-111-FTM29SPC, 2010 WL 98996, at *1 (M.D. Fla. Jan. 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002)). "To survive dismissal, the complaint's allegations must plausibly

---

[2] The Court does not have the benefit of reviewing the underlying contract to see if there is a choice of law provision. Since the real property at issue is located in Florida and Ward asserts Florida law applies, it appears to the Court that Florida law governs this diversity action.

suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir.2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Bedasee*, 2010 WL 98996, at *1 (citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford Cnty*, 960 F.2d 1002, 1009-10 (11th Cir.1992)).

## Discussion

*I.   Count I – Breach of Contract*

Ward argues the Complaint does not allege there was a contract between Lender and Ward or that there was an agreement between Lender and First Mutual Group. Ward argues First Mutual Group's assertion that it acquired Lender's rights to the appraisal at issue is insufficient. As such, Ward argues First Mutual Group has failed to allege the necessary elements of a cause of action for breach of contract.

Upon consideration, the Court disagrees. In order to properly allege a breach of contract claim in Florida, a party must allege the existence of a contract, the breach of the contract, and the damages resulting from the breach. *Degutis v. Fin. Freedom, LLC*, 978 F. Supp. 2d 1243, 1258 (M.D. Fla. 2013) (citing *Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. 2d DCA 2006)). Here, First Mutual Group alleges all necessary elements. First

Mutual Group asserts there was a contract between Ward and Lender, the contract was materially breached, and First Mutual Group was damaged as result of the breach. (See Doc. #1, at 8). Additionally, First Mutual Group alleges it acquired all rights from the contract between Ward and Lender. (Doc. #1, at 8). As a result, the Court finds First Mutual Group has sufficiently alleged a breach of contract claim. A more definite statement is not needed. Ward's motion is due to be denied on this issue.

*II.   Count II – Negligence*

Ward argues First Mutual Group fails to allege how Ward owed it any duty and fails to allege that the appraisal was prepared for lender. First Mutual Group also asserts, a mortgage loan appraiser cannot be liable to a third party for a negligent misrepresentation. See Cooper v. Brakora & Assocs., Inc., 838 So.2d 679 (Fla. 2d DCA 2003). In addition, Ward argues First Mutual Group fails to allege a claim of negligence because it introduces intentional language. (See, e.g., Doc. #1, at 10). Ward argues this intentional language in essence taints First Mutual Group's negligence claim and therefore the negligence claim should be dismissed.

Upon consideration, the Court disagrees. In order to properly allege a negligent claim in Florida, a party must allege duty, breach, causation, and damages. Williams v Nat'l Freight, Inc., 455 F. Supp. 2d 1335, 1337 (M.D. Fla. 2006) (citing Superior Garlic Intern. v. E & A Corp., 913 So.2d 645, 648 (Fla. 3d DCA 2005)). Here, First Mutual Group alleges all necessary elements. First Mutual Group alleges Ward had an "obligation" and acted negligently with regard to the "obligation" by failing to comply with industry standards and relevant statutes. (See Doc. #1, at 9-10). First Mutual Group also alleges Ward's actions caused it to be damaged. (See Doc. #1, at 10).

The Court finds Ward's third party argument to be unpersuasive. Unlike the facts in Cooper, First Mutual Group is not a third party beneficiary to the mortgage loan transaction. Rather, First Mutual Group acquired Lender's rights as they relate to the appraisal. Thus, according to the allegations, First Mutual Group now stands in Lender's position as if it was the original lender relying on Ward's appraisal. Furthermore, although the Court finds First Mutual Group's intentional language to be contradictory, the language as used here does not negate the overall negligence claim. The Court finds First Mutual Group has sufficiently alleged a negligence claim. A more definite statement is not needed. Ward's motion is due to be denied on this issue.

III. *Count III – Gross Negligence*

Ward adopts his same negligence claim arguments as to why the gross negligence claim should be dismissed.

Upon consideration, the Court disagrees with Ward's arguments, but finds the gross negligence claim should be dismissed for a separate reason. In order to properly allege a gross negligent claim in Florida, a party must allege circumstances that demonstrate an imminent danger amounting to more than the normal and usual peril, knowledge or awareness of the imminent danger, and an act of omission occurring in a manner which evinces a conscious disregard of the consequences. Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1117 (M.D. Fla. 2013) (citing Tran v. Waste Mgmt., Inc., 290 F. Supp. 2d 1286, 1294 (M.D. Fla. 2003)). Here, First Mutual Group's gross negligence claim is identical to its negligence claim. (Cf. Doc. #1, at 9-10; Doc. #1, at 10-11). Here, the allegations do not demonstrate an imminent danger, knowledge of such imminent danger, or a conscious disregard of the consequences. As a result, the

Court finds First Mutual Group has failed to sufficiently allege a gross negligence claim. Ward's motion is due to be granted on this issue but not pursuant to Ward's arguments.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss ([Doc. #17](#)) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** in that Count 3 is **DISMISSED** without prejudice. The motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of May, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record