UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIRST MUTUAL GROUP, LP,

    Plaintiff,

v.                                                         Case No:   2:14-cv-673-FtM-38DNF

DONALD R. WARD, JR.,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Donald R. Ward, Jr.'s Motion for Attorneys' Fees and Sanctions pursuant to Fed.R.Civ. 11 (Doc. #15) filed on May 11, 2015. Although given the opportunity, Plaintiff First Mutual Group, LP did not timely respond. This matter is ripe for review.

On November 19, 2014, Plaintiff First Mutual Group, LP initiated a lawsuit against Defendant Donald R. Ward, Jr. claiming Ward breached a contract, was negligent, and was grossly negligent. (Doc. #1). Now, Ward brings this Rule 11 motion for sanctions on the premise that First Mutual Group is aware or should have been aware its claims against Ward are frivolous because they are barred by a statute of limitations.[2]

Under Rule 11 of the Federal Rules of Civil Procedure, there are three types of conduct that warrant sanctions:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Interestingly, Ward does not address statute of limitations in his motion to dismiss. (See Doc. #17).

chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purposes.

Pelletier v. Zweifel, 921 F.2d 1465, 1514 (11th Cir.), cert. denied, 502 U.S. 855 (1991). If sanctions are warranted, then the Court may impose, for example, reasonably attorney's fees and expenses incurred as a direct result of a violation. See Fed.R.Civ.P. 11(c)(2).

Here, Rule 11 sanctions are wholly inappropriate. A plain reading of the Complaint shows First Mutual Group alleges it learned of the negligent activity in 2014. (See Doc. #1, at 4). Ward points to no statute for the Court to conclusively find the Complaint is barred by a statute of limitations. In general, it appears the statute of limitations has not lapsed and the Complaint is not frivolous. See generally Vargue By and Through Vargas v. Glades Gen. Hosp., 566 So.2d 282, 286 (4th DCA 1990) (noting the statute of limitations begins to run when a plaintiff knows or should have known of negligence); Schetter v. Jordan, 294 So.2d 130, 131 (4th DCA 1974) (same); Hardy Equip. Co., Inc. v. Travis Cosby & Assocs., Inc., 530 So.2d 521, at 521 (1st DCA 1988) (noting professional malpractice statute of limitations is two years). As such, the motion is due to be denied.

Accordingly, it is now **ORDERED:**

Defendant Donald R. Ward, Jr.'s Motion for Attorneys' Fees and Sanctions pursuant to Fed.R.Civ. 11 (Doc. #15) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record